UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| MÁTAY GÁBOR, Individually and on Behalf of All Others Similarly Situated,  :<br><br>Plaintiff,  :<br><br>vs.  :<br><br>TRANSOCEAN LTD., JEREMY D. THIGPEN, MARK L. MEY, and THAD VAYDA,  :<br><br>Defendants.  : | Civil Action No. 1:24-cv-09964-AT<br><br>CLASS ACTION |
| DAVID MATTESON, Individually and on Behalf of All Others Similarly Situated,  :<br><br>Plaintiff,  :<br><br>vs.  :<br><br>TRANSOCEAN LTD., JEREMY D. THIGPEN, MARK L. MEY, and THAD VAYDA,  :<br><br>Defendants.  : | Civil Action No. 1:25-cv-01112-UA<br><br>CLASS ACTION |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

## I.    INTRODUCTION

Two related securities class action lawsuits brought on behalf of purchasers of Transocean Ltd. ("Transocean" or the "Company") securities alleging claims under the Securities Exchange Act of 1934 (the "Exchange Act") are pending before this Court.[1]  The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the Related Actions should be consolidated because they are based on the same core set of facts and assert nearly identical claims against the same defendants on behalf of a proposed class of investors that purchased Transocean securities during overlapping class periods alleging the same violations of the federal securities laws.  *See* Fed. R. Civ. P. 42(a).

As soon as practicable after consolidating the Related Actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the member of "the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i). Here, David J. Grey should be appointed lead plaintiff because he filed a timely motion, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Grey's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

---

[1]    The Related Actions are *Gábor v. Transocean Ltd.*, No. 1:24-cv-09964 (filed December 26, 2024) and *Matteson v. Transocean Ltd.*, No. 1:25-cv-01112 (filed February 7, 2025).  Unless otherwise noted, all emphasis is added and citations are omitted.

## II.    FACTUAL BACKGROUND

Transocean, together with its subsidiaries, provides offshore contract drilling services for oil and gas wells worldwide.  Transocean stock trades on the New York Stock Exchange under the ticker RIG.  The complaints allege that Transocean marked its *Discoverer Inspiration* and *Development Driller III* rigs as "idle," which means that the rigs were being held between contracts and readily available for operations.

The complaints allege that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) the *Discoverer Inspiration* and the *Development Driller III* were considered non-strategic assets; (ii) Transocean's recorded asset valuations were overstated; and (iii) as a result, Transocean would take nearly twice the vessels' sale price in impairment if sold.

On September 3, 2024, Transocean announced that "as part of our ongoing efforts to dispose of non-strategic assets" it had agreed to sell the *Development Driller III* and the *Discoverer Inspiration* and associated assets for an aggregate of $342 million.  ECF 1 at ¶31.  Transocean further announced that the sales would result in an estimated third quarter non-cash charge of up to $645 million associated with the impairment of said assets.  On this news, the price of Transocean stock fell nearly 9%.

As a result of defendants' alleged wrongful acts and omissions and the decline in the value of Transocean securities, Mr. Grey and other class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not

appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The Related Actions allege the same claims on behalf of purchasers of Transocean securities during overlapping class periods, name the same defendants, and arise out of the same facts and circumstances regarding defendants' alleged wrongdoing. *See Stitt v. On Deck Cap., Inc.*, 2016 WL 889535, at *2 (S.D.N.Y. Feb. 17, 2016) (Torres, J.). Thus, the Related Actions should be consolidated.

### B.    Mr. Grey Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Mr. Grey meets these requirements and should be appointed Lead Plaintiff.

### 1.    Mr. Grey's Motion Is Timely

The statutory notice was published in this action on December 26, 2024 in *Business Wire* and advised putative class members of the action's pendency, the claims asserted, the proposed Class

- 3 -

Period, and the right to move the Court to be appointed as lead plaintiff by February 24, 2025. *See* Declaration of David A. Rosenfeld in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A, filed concurrently herewith. Because this motion is being filed by the statutory deadline, it is timely, and Mr. Grey is entitled to be considered for appointment as lead plaintiff.

### 2. Mr. Grey Has a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by his Certification and loss chart, Mr. Grey purchased 30,000 shares of Transocean stock during the Class Period and suffered approximately $41,966 in losses as a result of defendants' alleged violations of the federal securities laws. *See* Rosenfeld Decl., Exs. B, C. To the best of Mr. Grey's counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3. Mr. Grey Is Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "At this stage, a lead plaintiff need only show that he meets: (1) the 'typicality' requirement, meaning his claims are typical of the class such that they arise from the same course of events, and the other class members make similar legal arguments to prove liability, and (2) the 'adequacy' requirement, meaning he can fairly and adequately represent the interests of the class, his interests are not antagonistic to those of the class, and he has retained capable counsel who is qualified to pursue the litigation." *Stitt*, 2016 WL 889535, at *2. Here, Mr. Grey's claims are typical of those of the class because – like all class members – he purchased Transocean securities during the Class Period at artificially inflated prices, and suffered a loss as a result of defendants' alleged misconduct.

Mr. Grey is adequate because his interests in the actions are aligned with the interests of the other members of the class, and he is incentivized to maximize the recovery for putative class members harmed by defendants' alleged wrongdoing. As evidenced by his sworn Certification and Declaration, he is highly incentivized to maximize the recovery for all putative class members harmed by defendants' alleged misrepresentations based on, among other things, the substantial losses Mr. Grey suffered. *See* Rosenfeld Decl., Exs. B, D. Mr. Grey also has experience selecting and overseeing counsel. Finally, as set forth in more detail below, Mr. Grey has retained Robbins Geller as counsel, a law firm with vast experience prosecuting securities class actions. Accordingly, Mr. Grey readily satisfies the adequacy requirement.

Because Mr. Grey filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

**C.     The Court Should Approve Mr. Grey's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Mr. Grey has selected Robbins Geller to serve as lead counsel in this case.[2]

Robbins Geller, a nearly 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the

---

[2]     For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Ford v. Pro Shares Trust II*, No. 1:19-cv-00886-DLC, ECF 125 at 22: 1-5 (S.D.N.Y. May 14, 2019) (Transcript of April 29, 2019 Lead Plaintiff Hearing) ("This is a class who deserves to be well represented.  On that score, the Robbins Geller application is far, far superior."); *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783-LAP (S.D.N.Y.) (Concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . .  Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job.").

Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

---

[3]     *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Court can be assured that by granting this motion, the class will receive the highest caliber of legal representation. Accordingly, Mr. Grey's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV.    CONCLUSION

The Related Actions are substantially similar and should be consolidated. In addition, Mr. Grey satisfies each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, Mr. Grey respectfully requests that the Court consolidate the Related Actions, appoint him as Lead Plaintiff, and approve his selection of Lead Counsel.

DATED:  February 24, 2025                            ROBBINS GELLER RUDMAN
                                                                      & DOWD LLP
                                                                     DAVID A. ROSENFELD


                                                              *s/ David A. Rosenfeld*
                                                             DAVID A. ROSENFELD

                                                             58 South Service Road, Suite 200
                                                             Melville, NY  11747
                                                             Telephone:  631/367-7100
                                                             drosenfeld@rgrdlaw.com

---

securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

ROBBINS GELLER RUDMAN
  & DOWD LLP
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff


**STATEMENT OF COMPLIANCE WITH RULE III.D. OF JUDGE TORRES'
INDIVIDUAL PRACTICES IN CIVIL CASES**

The undersigned, counsel of record for David J. Grey, certifies that this brief contains **2,069** words.

DATED:  February 24, 2025

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD