**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MÁTAY GÁBOR, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>TRANSOCEAN LTD., JEREMY D. THIGPEN, MARK L. MEY, and THAD VAYDA,<br><br>    Defendants. | Case No.: 1:24-cv-09964-AT<br><br>Hon. Analisa Torres |
| DAVID MATTESON, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>TRANSOCEAN LTD., JEREMY D. THIGPEN, MARK L. MEY, and THAD VAYDA,<br><br>    Defendants. | Case No.: 1:25-cv-01112-AT<br><br>Hon. Analisa Torres |

**MEMORANDUM OF LAW IN SUPPORT OF JOHN MAHONEY'S**
**MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS**
**LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.   FACTUAL BACKGROUND ......................................................................................... 2

II.  PROCEDURAL HISTORY ........................................................................................ 3

III. ARGUMENT ............................................................................................................. 4

    A.   Consolidation of the Actions Is Appropriate ................................................... 4

    B.   Appointing Movant as Lead Plaintiff Is Appropriate ...................................... 5

        1.   Movant Filed a Timely Motion. ............................................................... 6

        2.   Movant Has the Largest Financial Interest in the Relief Sought. .............. 7

        3.   Movant Satisfies the Relevant Requirements of Rule 23. ......................... 7

            a.   Movant's Claims Are Typical. ........................................................ 8

            b.   Movant Is An Adequate Representative. ......................................... 9

    C.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ...................... 9

IV. CONCLUSION ......................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................. 6, 7

*In re Cendant Corp.,*
264 F.3d 201 (3d Cir. 2001)................................................................................ 9

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................ 9

*In re E-Trade Financial Corp.* Securuties Litigation,
No. 07-cv-8538 (S.D.N.Y.)................................................................................ 10

*Ferrari v. Impath, Inc.,*
2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ....................................... 4

*Ford v. VOXX Int'l Corp.,*
No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015)... 8

*In re Gentiva Sec. Litig.,*
281 F.R.D. 108 (E.D.N.Y. 2012) ........................................................................ 8

*Gurevitch v. KeyCorp, et al.,*
No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) .................................................... 10

*In re Hebron Tech. Co. Sec. Litig.,*
C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480 (S.D.N.Y. Sep. 16, 2020) .......... 6

*Jaramillo v. Dish Network Corporation, et al.,*
No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023)....................................................... 10

*Johnson v. Celotex Corp.,*
899 F.2d 1281 (2d Cir. 1990).............................................................................. 4, 5

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008).................. 8

*Martin v. BioXcel Therapeutics, Inc. et al.,*
No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ......................................................... 10

*Martingano v. Am. Int'l Grp., Inc.,*
Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11, 2006)............. 4

*Petersen v. Stem, Inc. et. al.,*
No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) ...................................................... 10

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*,
    No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) .......................................................... 10

*Solomon v. Peloton Interactive, Inc. et al.*,
    No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) .......................................................... 10

*In re Tesla Inc. Securities Litigation,*
    No. 3:18-cv-4865 (N.D. Cal.) .................................................................................. 10

*Thant v. Rain Oncology Inc. et al.*,
    5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ................................................................ 10

*Thant v. Veru, Inc. et al.,*
    No. 1:22-cv-23960 (S.D. Fla. July 27, 2023)......................................................... 10

*In re U.S. Steel Securities Litigation,*
    No. 2:17-579-CB (W.D. Pa.) ................................................................................... 10

*Villanueva v. Proterra Inc. et al.,*
    No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ....................................................... 10

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
    No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011).................... 8

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................. 4

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................... passim

**Rules**

FED. R. CIV. P. 23.......................................................................................... 1, 6, 7, 8

Fed. R. Civ. P. 42(a) ............................................................................................ 4, 5

John Mahoney ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to consolidate the above-captioned actions (the "Actions"), appoint him as lead plaintiff, and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of persons and entities that purchased or otherwise acquired Transocean Ltd. ("Transocean" or the "Company") securities between May 1, 2023 and September 2, 2024, inclusive (the "Class" who purchased during the "Class Period")[1], concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants Transocean, Jeremy D. Thigpen ("Thigpen"), Mark L. Mey ("Mey"), and Thad Vayda ("Vayda") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based

---

[1] The action entitled *Gábor v. Transocean Ltd., et. al.,* Case No. 1:24-cv-09964-AT (the "*Gábor* Action") defines the Class Period as October 31, 2023 through September 2, 2024, inclusive. The action styled *Matteson v. Transocean Ltd., et al.,* No. 1:25-cv-01112-AT (the "*Matteson* Action") defines the Class Period as May 1, 2023 through September 2, 2024, inclusive. Movant adopts the most-inclusive Class Period defined in the *Matteson* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *3 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* Nos. 1:15-cv-9539-GHW, et. al., 2016 U.S. Dist. LEXIS 28863, at *10 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute these Actions.

## I.   FACTUAL BACKGROUND[2]

Transocean, together with its subsidiaries, provides offshore contract drilling services for oil and gas wells worldwide. ¶ 2. The Company currently owns or operates a fleet of 34 mobile offshore drilling units, consisting of 26 ultra-deepwater floating rigs and eight harsh environment floating rigs. *Id.* Transocean's rigs are categorized as under contract, "idle," or "stacked." *Id.* An "idle" rig is one being held between contracts and readily available for operations. *Id.* A "stacked" rig, on the other hand, is minimally manned or unmanned and typically is expected to continue to be inactive for an extended period. *Id.* The Company provides monthly fleet updates as to the status of its ships. *Id.* As of October 18, 2023, the Company had 13 stacked or idle rigs. *Id.* Of those 13, two were marked idle: the *Discoverer Inspiration* (as of April, 2023) and the *Development Driller III* (as of August, 2023). *Id.*

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business,

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Gábor* Complaint") filed in the *Gábor* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Gábor* Complaint. The facts set forth in the *Gábor* Complaint are incorporated herein by reference.

operations, and prospects. ¶ 5. Specifically, Defendants failed to disclose to investors: (1) the *Discoverer Inspiration* and the *Development Driller III* were considered non-strategic assets; (2) the Company's recorded asset valuations were overstated; (3) as a result, the Company would take nearly twice the vessels' sale price in impairment if sold; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

Before the market opened on September 3, 2024, Transocean announced "as part of the Company's effort to dispose of ***non-strategic assets***" it had agreed to sell the *Development Driller III* and the *Discoverer Inspiration* and associated assets for an ***aggregate $342 million***. ¶ 3. The Company further announced that the sales would result in an estimated third-quarter non-cash charge of ***up to $645 million associated with the impairment of said assets***. *Id.* Otherwise stated, the Company's expected proceeds from the sale of the *Development Driller III* and the *Discoverer Inspiration*, was only approximately half the impairment the Company was required to take for the sale. *Id.*

In response to this news, the Company's share price declined 8.86%, or $0.42, to close on September 3, 2024 at $4.32 per share, on unusually heavy trading volume. ¶ 4.

## II.     PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Gábor* Action against the Defendants. Plaintiff Mátay Gábor ("Gábor") commenced the first-filed action on December 26, 2024. On that same day, counsel acting on Gábor's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

On February 7, 2025, a substantially similar action was filed against Transocean in this

Court by Levi & Korsinsky, the *Matteson* Action. Movant has requested consolidation of the *Gábor* and *Matteson* Actions.

### III.    ARGUMENT

#### A.    Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject

4

matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B.     Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $335,096.67 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    Movant Filed a Timely Motion.

On December 26, 2024, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Gábor published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Transocean securities that they had 60 days from the publication of the December 26, 2024 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *In re Hebron Tech. Co. Sec. Litig.,* C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480, at *6 (S.D.N.Y. Sep. 16, 2020) (finding that a notice published on *Business Wire* satisfied Rule 23).

Movant timely filed his motion within the 60-day period following publication of the December 26, 2024 Press Release and submitted herewith a sworn certification attaching his transactions in Transocean securities and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response

6

to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.    Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Transocean securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $335,096.67. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.    Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class,

7

and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at *6.

### a.      Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-13 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claim is typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Transocean's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Transocean securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

8

**b.      Movant Is An Adequate Representative.**

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Actions, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for 24 years. He resides in Erie, Pennsylvania, and possesses a Bachelor of Science in professional Aeronautics. Movant is currently employed as an airline captain for United Airlines. Further, Movant has experience overseeing attorneys, as he has hired attorneys for real estate and personal matters. Also, in 2008, Movant was part of lemon law litigation regarding a Ford truck he owned. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion.

Accordingly, Movant meets the adequacy requirement of Rule 23.

**C.      Approving Lead Plaintiff's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless

necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id.* In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus,

10

the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Actions, (2) appointing Movant as Lead Plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

Dated: February 24, 2025                         Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton (AS-8383)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for John Mahoney and*
*[Proposed] Lead Counsel for the Class*

11

## WORD COUNT CERTIFICATION

Pursuant to Rule III(D) of the Individual Practices in Civil Cases of the Honorable Analisa Torres, I hereby certify that this memorandum of law contains 3,086 words, exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates.

/s/ Adam M. Apton
Adam M. Apton

12