**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MÁTAY GÁBOR, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-09964-AT |
| Plaintiff, | |
| v. | |
| TRANSOCEAN LTD., JEREMY D. THIGPEN, MARK L. MEY, and THAD VAYDA, | |
| Defendants. | |
| DAVID MATTESON, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:25-cv-01112-UA |
| Plaintiff, | |
| v. | |
| TRANSOCEAN LTD., JEREMY D. THIGPEN, MARK L. MEY, and THAD VAYDA, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PATRICK KOCHER AND JOHN FOGEL'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

Patrick Kocher and John Fogel, as Trustee of the John Fogel Revocable Trust (collectively, the "Transocean Investor Group") respectfully submit this memorandum of law in support of their motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing the Transocean Investor Group as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving the Transocean Investor Group's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of all persons or entities that purchased or otherwise acquired Transocean Ltd. ("Transocean" or the "Company") securities between May 1, 2023 and September 2, 2024, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the most adequate plaintiff—i.e. the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. The PSLRA also provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the "most adequate plaintiff."

The Transocean Investor Group believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on its financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, the Transocean Investor Group satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other class members' claims and it is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the

1

PSLRA's lead plaintiff provision, the Transocean Investor Group respectfully submits that it is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, the Transocean Investor Group's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.  FACTUAL BACKGROUND

Transocean, together with its subsidiaries, provides offshore contract drilling services for oil and gas wells worldwide. Transocean currently owns or operates a fleet of 34 mobile offshore drilling units, consisting of 26 ultra-deepwater floating rigs and eight harsh environment floating rigs. The Company's rigs are categorized as under contract, "idle," or "stacked." An "idle" rig is one being held between contracts and readily available for operations. A "stacked" rig, on the other hand, is minimally manned or unmanned and typically is expected to continue to be inactive for an extended period. The Company provides monthly fleet updates as to the status of its ships. As of October 18, 2023, the Company had 13 stacked or idle rigs. Of those 13, two were marked idle: the Discoverer Inspiration (as of April, 2023) and the Development Driller III (as of August, 2023).

The complaints filed in this action allege that, throughout the Class Period, Defendants made false and misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) the Discoverer Inspiration and the Development Driller III were considered non-strategic assets; (2) the Company's recorded asset valuations were overstated; (3) as a result, the Company would take nearly twice the vessels' sale price in impairment if sold;  and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On September 3, 2024, before the market opened, Transocean announced "as part of the Company's effort to dispose of non-strategic assets" it had agreed to sell the Development Driller III and the Discoverer Inspiration and associated assets for an aggregate $342 million. The Company further announced that the sales would result in an estimated third-quarter non-cash charge of up to $645 million associated with the impairment of said assets. Otherwise stated, the Company's expected proceeds from the sale of the Development Driller III and the Discoverer Inspiration, was only approximately half the impairment the Company was required to take for the sale.

On this news, the Company's share price fell $0.42, or 8.86%, to close at $4.32 per share on September 3, 2024, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the Transocean Investor Group and other class members have suffered significant losses and damages.

## III.    PROCEDURAL BACKGROUND

On December 26, 2024, Plaintiff Mátay Gábor commenced a securities class action against Transocean and certain executives captioned *Gábor v. Transocean Ltd. et al*, Case No. 1:24-cv-09964-AT (the "*Gábor* Action"). It was brought pursuant to the Exchange Act on behalf purchasers of Transocean securities between October 31, 2023 and September 2, 2024, inclusive.

On February 7, 2025, Plaintiff David Matteson filed a related lawsuit captioned *Ikram v. Transocean Ltd., et al*, Case No. 1:25-cv-01112-UA (the "*Matteson* Action," and with the *Gábor* Action, the "Related Actions"). It is also brought pursuant to the Exchange Act on behalf purchasers of Transocean securities during an expanded class period spanning May 1, 2023 to September 2, 2024, inclusive.

3

IV.     ARGUMENT

A.      **The Related Actions Should Be Consolidated**

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present similar legal issues. Each action alleges violations of the Exchange Act, each presents similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

B.      **The Transocean Investor Group Should Be Appointed Lead Plaintiff**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

4

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, the Transocean Investor Group satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. The Transocean Investor Group has, to the best of its knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, the Transocean Investor Group is not aware of any unique defenses Defendants could raise against it that would render it inadequate to represent the class. Accordingly, the Transocean Investor Group respectfully submits that it should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    The Transocean Investor Group Filed a Timely Motion

The Transocean Investor Group has made a timely motion in response to a PSLRA early notice. On December 26, 2024, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, the Transocean Investor Group had sixty days (*i.e.*, until February 24, 2025) to file a motion to be appointed as lead plaintiff. As a purchaser of Transocean securities during the Class Period, the Transocean Investor Group is a

member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in its PSLRA certification, the Transocean Investor Group attests that it has reviewed the complaint, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, the Transocean Investor Group satisfies the first requirement to serve as lead plaintiff for the class.

**2.      The Transocean Investor Group Has the Largest Financial Interest**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, the Transocean Investor Group believes that it has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

The Transocean Investor Group purchased Transocean securities during the Class Period, and as a result, suffered financial harm of approximately $250,586.03. *See* Linkh Decl., Ex. C. To the best of its knowledge, the Transocean Investor Group is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, the Transocean Investor Group believes it has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

**3.     The Transocean Investor Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

**a)     The Transocean Investor Group's Claims Are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

The Transocean Investor Group's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, the Transocean Investor Group alleges that

Defendants' material misstatements and omissions concerning Transocean' business, operations, and financial prospects violated the federal securities laws. The Transocean Investor Group, like all members of the class, purchased Transocean securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, the Transocean Investor Group's interests and claims are "typical" of the interests and claims of the class.

        **b)**        **The Transocean Investor Group Is an Adequate Representative**

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

The Transocean Investor Group has demonstrated its adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and its financial losses ensure that it has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. the Transocean Investor Group has also submitted a joint declaration herewith, attesting to the group's adequacy. *See* Linkh Decl., Ex. D. The Transocean Investor Group is also not aware of any conflict between its claims and those asserted on behalf of the class. As such, the Transocean Investor Group is adequate to represent the class and should be appointed as lead plaintiff.

        **C.**        **The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Here, the Transocean Investor Group has retained Glancy Prongay & Murray LLP to pursue this litigation on its behalf and will retain the firms as the class's lead counsel in the event it is appointed lead plaintiff. Glancy Prongay & Murray LLP possess extensive experience in securities class actions

and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit E. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## V.      CONCLUSION

For the foregoing reasons, the Transocean Investor Group requests that the Court grant its Motion and enter an Order (1) consolidating the Related Actions; (2) appointing the Transocean Investor Group as Lead Plaintiff; (3) approving its selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: February 24, 2025

**GLANCY PRONGAY & MURRAY LLP**

By:   _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

_Counsel for Patrick Kocher and John Fogel, as Trustee of the John Fogel Revocable Trust, and Proposed Lead Counsel for the Class_

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**

9

Eitan Kimelman
New York, NY
60 East 42nd Street, 46th Floor,
New York, New York 10165
Telephone: (212) 697-6484

*Additional Counsel*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

10

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel for the Transocean Investor Group certifies that this brief contains 2,605 words, which complies with the word limit of L.R. 7.1(c).

/s/ Gregory B. Linkh
Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On February 24, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 24, 2025, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh