**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MÁTAY GÁBOR, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>TRANSOCEAN LTD., JEREMY D. THIGPEN, MARK L. MEY, and THAD VAYDA,<br><br>        Defendants. | Case No.: 1:24-cv-09964-AT<br><br>Hon. Analisa Torres |
| DAVID MATTESON, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>TRANSOCEAN LTD., JEREMY D. THIGPEN, MARK L. MEY, and THAD VAYDA,<br><br>        Defendants. | Case No.: 1:25-cv-01112-AT<br><br>Hon. Analisa Torres |

**MEMORANDUM OF LAW IN SUPPORT OF JOHN MAHONEY'S MOTION FOR CONSOLIDATION OF THE ACTIONS APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

## **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ................................................................................ 1

II.     ARGUMENT ......................................................................................................... 3

    A.   The PSLRA Process................................................................................... 3

    B.   Mr. Mahoney Is the Presumptive Lead Plaintiff.......................................... 4

        1.   *Mr. Mahoney Has the Largest Financial Interest.* ........................................ 4

        2.   *Mr. Mahoney Meets the Typicality and Adequacy Requirements of Rule 23.* .............. 5

    C.   No Proof Exists to Rebut the Presumption in Favor of Mr. Mahoney's Appointment as Lead Plaintiff. ........................................................................ 7

III.    CONCLUSION....................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*In re Bank of Am. Corp. Sec. Derivative & ERISA Litig.,*
258 F.R.D. 260 (S.D.N.Y. 2009) ...................................................................................... 5

*Basic Inc. v. Levinson,*
485 U.S. 224, 228 (1988) ................................................................................................. 8

*In re Facebook, Inc.,*
288 F.R.D. 26 (S.D.N.Y. Dec. 6, 2012) ........................................................................... 7

*Faris v. Longtop Fin. Techs. Ltd.,*
No. 11 Civ. 3658 (SAS), 2011 U.S. Dist. LEXIS 112970, Fed. Sec. L. Rep. (CCH)
P96,562 (S.D.N.Y. Oct. 4, 2011) ..................................................................................... 5

*Foley v. Transocean Ltd.,*
272 F.R.D. 126 (S.D.N.Y. 2011) ................................................................................. 6, 7

*In re Fuwei Films Sec. Litig.,*
247 F.R.D. 432 (S.D.N.Y. 2008) ..................................................................................... 4

*Glauser v. EVCI Career Colleges Holding Corp.,*
236 F.R.D. 184, 190 (S.D.N.Y. 2006) ............................................................................. 8

*Glavan v. Revolution Lighting Techs., Inc.,*
No. 19-CV-0908(JPO), 2019 U.S. Dist. LEXIS 125960 (S.D.N.Y. July 29, 2019) ............. 1, 4

*Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing & Securitization,
LLC,*
616 F. Supp. 2d 461 (S.D.N.Y. 2009) ............................................................................. 3

*Kaplan v. Gelfond,*
240 F.R.D. 88 (S.D.N.Y. 2007) ....................................................................................... 1

*Rodriguez v. Draftkings Inc.,*
No. 21 Civ. 5739 (PAE), et al., 2021 U.S. Dist. LEXIS 219489 (S.D.N.Y. Nov. 12, 2021) ... 8

*In re Turquoise Hill Res. Ltd.,*
No. 20-cv-8585 (LJL), 2021 U.S. Dist. LEXIS 8840 (S.D.N.Y. Jan. 15, 2021) ...................... 7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.,*
589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008) ...................................................................... 7

*In re Veeco Instruments, Inc.,*
233 F.R.D. 330 (S.D.N.Y. 2005) ..................................................................................... 4

**Statutes**

15 U.S.C. § 78u-4 ....................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ................................................................................................ 2, 5, 6, 7

I.    **PRELIMINARY STATEMENT**

The Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities fraud class actions. The PSLRA applies in this case and, under the PSLRA, movant John Mahoney ("Mr. Mahoney"), should be appointed as lead plaintiff and his attorneys approved as lead counsel for the class.

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Mr. Mahoney has the largest financial interest based on the relative "approximate loss suffered during the class period." *See Glavan v. Revolution Lighting Techs., Inc.,* No. 19-CV-0908(JPO), 2019 U.S. Dist. LEXIS 125960, at *8 (S.D.N.Y. July 29, 2019). The "approximate loss suffered," is considered the "most determinative in identifying the plaintiff with the largest financial loss." *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007).

As demonstrated below, Mr. Mahoney possesses the largest financial interest in the litigation:

| Movant | Claimed Losses |
|---|---|
| John Mahoney | $335,096.67 |
| Patrick Kocher and John Fogel Revocable Trust | |
| Patrick Kocher | $171,162.95 |
| John Fogel | $79,423.08 |
| Askel Matre | $84,904.00 |
| David J. Grey | $41,966.70 |

*See* ECF Nos. 11-3, 15-2, 18-3, and 22-1.

In addition to having the "largest financial interest" in the litigation, Mr. Mahoney is typical of his fellow class members and certainly meets the adequacy requirements under Federal Rule of

Civil Procedure 23(a). Mr. Mahoney acquired Transocean Ltd. ("Transocean" or the "Company") securities during the Class Period. *See* Mahoney Certification, ECF No. 15-1. Further, Mr. Mahoney considers himself to be a sophisticated investor with 24 years of investment experience. He also possesses a Bachelor of Science in professional Aeronautics and is currently employed as an airline captain for United Airlines. With his experience overseeing attorneys for various matters over the years (*e.g.*, real estate, personal matter, and lemon law litigation), his background and qualifications make him ideally suited to serve as the lead plaintiff in this lawsuit. *See* Mr. Mahoney's Declaration, ECF No. 15-4.

There can be no dispute that Mr. Mahoney holds the "largest financial interest" in the Actions and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B). Indeed, the only competing "movant" at this point is a "group" of investors (Patrick Kocher and John Fogel) who were paired together by counsel in an attempt to aggregate the "largest financial interest" and secure the role of lead plaintiff and lead counsel. But whether considered separately or together, these two investors incurred a smaller loss than Mr. Mahoney and otherwise do not present any "proof" capable of disqualifying him as the presumptive lead plaintiff. Since the other competing movants are unable to rebut this presumption with proof that Mr. Mahoney is somehow atypical or inadequate, Mr. Mahoney is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Mr. Mahoney respectfully requests that the Court grant his motion in its entirety and deny the competing motion.

## II.    ARGUMENT

### A.    The PSLRA Process.

The PSLRA sets forth the procedure for the selection of a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as Lead Plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. § 78u-4(a)(3)(A)(i). This straightforward leadership selection provides that the "person or group of persons" with the largest loss is the presumptive lead plaintiff and must be appointed lead so long as it is otherwise adequate and typical within the meaning of Rule 23. 15 U.S.C. § 78u–4(a)(3)(B)(i) and (iii)(I)(bb)-(cc). Congress created the lead plaintiff presumption because it believed that the movant with the largest loss would be most incentivized to actively prosecute the securities class action and monitor counsel:

> Further, the provisions created a "rebuttable presumption" that the most "adequate plaintiff" is, *inter alia*, the person or group of persons that "has the largest financial interest in the relief sought by the class." "The theory of these provisions was that if an investor with a large financial stake in the litigation was made lead plaintiff, such a plaintiff – frequently a large institution or otherwise sophisticated investor – would be motivated to act like a 'real' client, carefully choosing counsel and monitoring counsel's performance to make sure that adequate representation was delivered at a reasonable price."[1]

*Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing & Securitization, LLC*, 616 F. Supp. 2d 461, 464 (S.D.N.Y. 2009).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class

---

[1] Unless otherwise noted, citations are omitted, and emphasis is added.

that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

**B.    Mr. Mahoney Is the Presumptive Lead Plaintiff.**

**1.    *Mr. Mahoney Has the Largest Financial Interest.***

When evaluating "financial interest" at the lead plaintiff stage, "[c]ourts in this Circuit have traditionally examined "the approximate loss suffered during the class period." *Glavan*, 2019 U.S. Dist. LEXIS 125960, at *8 (quoting *In re Veeco Instruments, Inc.,* 233 F.R.D. 330, 332 (S.D.N.Y. 2005); *see also In re Fuwei Films Sec. Litig.,* 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008) ("In the absence of explicit guidance, many courts, including courts in this District and in the Eastern District of New York, have adopted a four-factor test first promulgated in *Lax*").

As demonstrated in the following table, Mr. Mahoney has the largest financial interest in the litigation:

| Movant | Claimed Losses |
|---|---|
| John Mahoney | $335,096.67 |
| Patrick Kocher and John Fogel Revocable Trust | |
| Patrick Kocher | $171,162.95 |
| John Fogel | $79,423.08 |
| Askel Matre | $84,904.00 |
| David J. Grey | $41,966.70 |

*See* ECF Nos. 11-3, 15-2, 18-3, and 22-1.

Mr. Mahoney possesses the largest financial interest compared to the next closest competing movant, the Patrick Kocher and John Fogel Revocable Trust. Indeed, when considered

4

individually, Mr. Kocher incurred a loss of just over $170,000 and Mr. Fogel (through a trust) lost approximately $80,000. Only when considered collectively can they claim to have lost $250,000, as they do in their opening motion papers. *See* ECF No. 18-3. Thus, Mr. Mahoney, with his claimed loss of $335,096.67, indisputably possesses the largest financial interest in the outcome of the litigation.

**2.** ***Mr. Mahoney Meets the Typicality and Adequacy Requirements of Rule 23.***

In addition to possessing the largest financial interest, Mr. Mahoney satisfies the adequacy and typicality requirements of Rule 23. "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a 'preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Faris v. Longtop Fin. Techs. Ltd.*, No. 11 Civ. 3658 (SAS), 2011 U.S. Dist. LEXIS 112970, Fed. Sec. L. Rep. (CCH) P96,562, at *12 (S.D.N.Y. Oct. 4, 2011) (quoting *In re Bank of Am. Corp. Sec. Derivative & ERISA Litig.,* 258 F.R.D. 260, 268 (S.D.N.Y. 2009)).

"Typicality 'requires that the claims of the class representatives be typical of those of the class and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id*. Mr. Mahoney's claims are based on the same legal theories and arise from the same event or practice or course of conduct that gives rise to the claims of other class members because he acquired Transocean securities at prices that were artificially inflated by Defendants' misconduct and suffered losses when the truth was revealed. Mr. Mahoney is, and will be, pursuing the same theory of liability as all other Class Members. *See* Memorandum in Support of Motion, ECF No. 14, p. 8. Mr. Mahoney's trading history bears this out. He purchased 101,000 shares of Transocean securities on the open market during the Class Period and, in connection with those purchases, lost

approximately $335,096.67. *See* ECF No. 15-2. Mr. Mahoney's transactions make him ideally suited to represent the class, which is defined to include all "persons and entities that purchased or otherwise acquired Transocean securities" during the Class Period. *See* ECF No. 1, ¶1.

In addition to meeting the "typicality" requirements under Rule 23, Mr. Mahoney also makes the necessary *prima facie* showing of "adequacy." To satisfy the adequacy requirement at this stage of the proceedings, Mr. Mahoney must make a preliminary showing that "(1) [his choice of] class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) [he has] a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.,* 272 F.R.D. 126, 131 (S.D.N.Y. 2011). Mr. Mahoney is more than qualified to serve as lead plaintiff, as he has been investing in securities for twenty-four years. *See* Mr. Mahoney's Declaration, ECF No. 15-4. Mr. Mahoney resides in Erie, Pennsylvania and possesses a Bachelor of Science in professional Aeronautics. *Id*. Further, he has experience hiring and overseeing attorneys for real estate and personal matters. *Id*. Also, in 2008, he was part of lemon law litigation regarding a Ford truck he owned. *Id*. Likewise, Mr. Mahoney's certification pursuant to the federal securities laws, his declaration detailing his motivation and intention to oversee this litigation, and his selection of experienced and capable counsel in Levi & Korsinsky, LLP demonstrate that Mr. Mahoney will adequately represent the interests of the proposed class. Accordingly, Mr. Mahoney has made a preliminary showing that he satisfies the adequacy and typicality requirements of Rule 23.

As Mr. Mahoney has the largest financial interest in the litigation and satisfies the adequacy and typicality requirements of Rule 23, he is entitled to the presumption of being the "most adequate plaintiff" to represent the Class.

### C.    No Proof Exists to Rebut the Presumption in Favor of Mr. Mahoney's Appointment as Lead Plaintiff.

Importantly, because Mr. Mahoney has the largest financial interest in this litigation, the PSLRA provides a rebuttable presumption that he is the most adequate plaintiff to represent the Class. The "strong presumption" in favor of appointing Mr. Mahoney as Lead Plaintiff can only be rebutted with "proof" that Mr. Mahoney is somehow atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Facebook, Inc.,* 288 F.R.D. 26, 40 (S.D.N.Y. Dec. 6, 2012) ("***exacting proof***" necessary to "rebut the PSLRA's presumption" in favor of most adequate lead plaintiff). "Mere speculation" is insufficient to rebut the lead plaintiff presumption. *In re Turquoise Hill Res. Ltd.,* No. 20-cv-8585 (LJL), 2021 U.S. Dist. LEXIS 8840, at *14 (S.D.N.Y. Jan. 15, 2021) (citing *Foley*, 272 F.R.D. at 133 ("[T]he conflict of interest must be shown, not merely speculated, in order to rebut the presumption of the most adequate lead plaintiff.")). No such proof exists here. Mr. Mahoney has no conflicts with the members of the class and is motivated to recover the heavy losses he suffered. Accordingly, Mr. Mahoney is both typical and adequate and his Motion should be granted in its entirety.

The same cannot be said for Messrs. Kocher and Fogel. Although they claim to be capable of working together as a small group, the declaration they submitted with their opening motion papers does not pass muster under the *Varghese* factors. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008) (holding that investor groups must justify their appointment by satisfying certain criteria). For example, the declaration does not explain why Messrs. Kocher and Fogel agreed to work with each other in the first place, the circumstances through which they were introduced, and how the appointment of their "group" could in any way be conceivably beneficial for the class as a whole when one of the group members

exhibits an atypical in-and-out trading strategy (discussed below). The joint declaration submitted by Messrs. Kocher and Fogel in support of their motion do not answer these questions and, therefore, fails to establish their "adequacy" under Rule 23. *See* In re Petrobras Sec. Litig., 104 F. Supp. 3d 618, 621 (S.D.N.Y. 2015) (courts are particularly "skeptical of [groups] when they are the product of an artificial grouping designed merely to qualify as lead plaintiff under the PSLRA"); *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 190 (S.D.N.Y. 2006) (the Southern District frequently holds that investor groups are inadequate class representatives when the group "appears to be nothing more than a lawyer-created group of unrelated investors who were cobbled together 'in the hope of thereby becoming the biggest loser for PSLRA purposes . . . .'" ).

Mr. Fogel's transaction history adds to the overall inadequacy of the "group." As demonstrated by certification and counsel's damages analysis, Mr. Fogel traded large blocks of shares over very short periods of time. For example, Mr. Fogel bought 50,000 shares and sold them twice within the span of a week between February 21, 2024 and February 28, 2024. *See* ECF No. 18-3. Mr. Fogel repeated this behavior (with various amounts of shares over various periods of time) on numerous occasions during the class period. As proof, Mr. Fogel ultimately retained only 300,000 shares of the approximately 3.2 million shares he purchased during the Class Period. *See id*. Mr. Fogel's trading pattern renders him atypical of the class at large and inadequate in terms of serving as a class representative. *See Rodriguez v. Draftkings Inc.*, No. 21 Civ. 5739 (PAE), et al., 2021 U.S. Dist. LEXIS 219489, at *26-27 (S.D.N.Y. Nov. 12, 2021) (rejecting in-and-out trader as lead plaintiff where atypicality issues would prejudice class in later stages of litigation) (citing *Basic Inc. v. Levinson*, 485 U.S. 224, 228 (1988)).

### III.    CONCLUSION

For the foregoing reasons, Mr. Mahoney respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Actions, (2) appointing Mr. Mahoney as Lead Plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

Dated: March 10, 2025                                Respectfully Submitted,


                                                    **LEVI & KORSINSKY, LLP**

                                                    By: */s/ Adam M. Apton*
                                                    Adam M. Apton (AS-8383)
                                                    33 Whitehall Street, 17th Floor
                                                    New York, NY 10004
                                                    Tel: (212) 363-7500
                                                    Fax: (212) 363-7171
                                                    Email: aapton@zlk.com

                                                    *Lead Counsel for John Mahoney and*
                                                    *[Proposed] Lead Counsel for the Class*

9