

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    12/16/2025

Max E. Weiss
mweiss@zlk.com

December 12, 2025

**VIA ECF**

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15D
New York, NY 10007-1312

**Re:** *In re Transocean Ltd. Securities Litigation*, **No. 24 Civ. 9964**

Dear Judge Torres:

Lead Plaintiff John Mahoney ("Plaintiff") respectfully requests permission to file the attached 5-page double-spaced sur-reply to Defendants' motion to dismiss (ECF No. 47), in response to the declaration of Bahaa El-Din Nouh (the "Nouh Declaration") dated December 3, 2025, which was submitted with Defendants' reply memorandum on December 4, 2025. (ECF Nos. 54, 54-1). On December 10, 2025, we contacted Defendants' counsel and they do not consent to this request.

I. **The Nouh Declaration Raises New Matters Warranting A Sur-Reply.**

A district court has discretion to permit sur-replies when necessary to address new matters raised for the first time in a reply brief or declaration. *See*, e.g., *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000). Here, the Nouh Declaration constitutes new evidence submitted only with Defendants' reply, presenting factual assertions that warrant a focused response to prevent Defendants from obtaining an advantage through a declaration submitted in reply to Plaintiff's opposition. The Nouh Declaration attempts to characterize and reframe the prior statements he made to Plaintiff's investigator. Defendants use this declaration to suggest that Plaintiff mischaracterized or selectively quoted from Nouh's interview and that Nouh's observations should be discounted. They also offer the Nouh Declaration to attack the Amended Complaint's well-pled facts about the rigs' conditions, which were supported by other former employees *and not Nouh*. These are factual assertions that Plaintiff could not address in his opposition brief.

II. **Plaintiff Can Address The Nouh Declaration Succinctly.**

Here, a sur-reply is appropriate to correct the record and to clarify that (1) Plaintiff does not rely on Nouh for his rust allegations; and (2) the Nouh Declaration, properly read, does not retract Nouh's statements about management involvement but instead confirms that senior leadership received detailed updates about the status of the rigs. The sur-reply will be narrowly tailored to address the Nouh declaration as follows:

- Brief argument that the Court should strike the Nouh Declaration to the extent it is offered to rebut the Amended Complaint's factual narrative;



- Clarify that the Nouh Declaration does not retract his prior statements;

- Identify independent allegations in the Amended Complaint regarding the rigs' condition, drawn from other former employees; and

- Explain that Nouh's account of management involvement supports Plaintiff's theory of scienter.

### III.  **Granting Leave To File A Sur-Reply Serves The Interests of Justice.**

Permitting a brief sur-reply will afford Plaintiff an opportunity to respond to new arguments submitted by Defendants in their reply and will clarify the record for the Court's consideration of the motion to dismiss. Granting this request will not prejudice Defendants, who have had a full opportunity to present their arguments. Denying the request would effectively reward Defendants for submitting new materials at the last moment and give them the unfair advantage of introducing facts outside the Amended Complaint while Plaintiff's hands are tied during the PSLRA's stay on discovery. 15 U.S.C. §78u-4(b)(3)(B).

### IV.  **Conclusion**

For the foregoing reasons, Plaintiff respectfully requests permission to file a sur-reply to address the Nouh Declaration. Should the Court grant this request, Plaintiff will promptly serve and file the proposed sur-reply.

Respectfully submitted,

s/ *Max E. Weiss*
Max E. Weiss

CC: All counsel of record (via ECF)

GRANTED.  By **December 18, 2025**, Lead Plaintiff John Mahoney shall file the sur-reply attached to his letter motion at ECF No. 56.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 56.

SO ORDERED.

Dated:  December 15, 2025
New York, New York

ANALISA TORRES
United States District Judge